*filed in open court*
*fmr 2/21/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 05-101-SLR |
| ANTHONY BRENNER, | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Anthony Brenner, by and through the defendant's attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall enter a guilty plea to the one count Indictment, charging Possession of Child Pornography, a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2), which carries a maximum penalty of ten years imprisonment, a $250,000.00 fine, three years supervised release, or any or all of the above, and a special assessment of $100.

2. The defendant acknowledges that the elements of the offense are as follows:

   a. The defendant possessed child pornography, defined as a visual depiction of a minor engaged in an actual or simulated sex act and/or the lascivious exhibition of the genitals;

    b.    The defendant knowingly possessed the child pornography, and;

    c.    The child pornography had been transported in interstate commerce, or was produced using materials which had been transported in interstate commerce.

3.    The defendant agrees to pay the special assessment on the day of sentencing. If the Court sentences the defendant to incarceration and orders the payment of a fine as part of that sentence, the defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

4.    The United States agrees that in consideration of the defendant's timely guilty plea, the Government will recommend a three point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1.

5.    The defendant agrees to forfeit to the United States his interest in all computer hardware, software, and storage mediums that were taken from the defendant's home by FBI agents on or about June 6, 2005.

6.    The defendant understands that at sentencing the District Court must consult the United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will ask the Court to calculate the appropriate sentence under the U.S.S.G. and likely will ask the Court to impose a sentence consistent with the U.S.S.G.

2

7. The parties recognizing that their stated positions regarding the specific applicability of the Sentencing Guidelines are not binding on the Court, the Government asserts the applicability of the following Specific Offense Characteristics:

| | | |
|---|---|---|
| 2G2.2(b)(2) | Prepubescent minor under the age of 12 | + 2 |
| 2G2.2(b)(6) | Use of a computer | + 2 |
| 2G2.2(b)(7)(A) | At least 10 images, but fewer than 150 | + 2 |

As to the remaining provisions of U.S.S.G., Section 2G2.2, the Government states no position and reserves argument.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

Christopher Koyste, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney
By: _____
Edmond Falgowski
Assistant United States Attorney

Anthony Brenner
Defendant

Dated: 2/17/06

AND NOW this 21st day of February, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

HONORABLE SUE L. ROBINSON
Chief Judge, United States District Court